Stefan Savic
Brian L. Grossman
**Reinhardt Savic Foley LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone:     (212) 710-0970
Facsimile:      (212) 710-0971
ssavic@rsf-llp.com
bgrossman@rsf-llp.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **DYNAMIC FREIGHT USA INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **PAOLO BONATI**, <br><br> Defendant. | Case No.: <br><br><br> **PLAINTIFF DEMANDS A TRIAL BY JURY** |

**COMPLAINT**

Plaintiff Dynamic Freight USA Inc. ("Dynamic Freight," "Corporation," or "Plaintiff"), by its attorneys Reinhardt Savic Foley LLP, hereby alleges against Defendant Paolo Bonati ("Bonati" or "Defendant") as follows:

**NATURE OF THE ACTION**

1.      Bonati, a former employee and officer of Dynamic Freight and a thirty percent (30%) shareholder, has been systematically breaching his fiduciary duties to Dynamic Freight by misappropriating company funds, diverting corporate opportunities, acting in his own best interest at his employer's expense and/or grossly mishandling the Corporation's affairs.

2.      The internal investigation conducted by the Corporation, which is still ongoing as of this writing, revealed that Bonati used corporate funds for essentially every aspect of his personal life, including his personal car lease, medical expenses, vacation, and well over $10,000.00 in unexplained cash withdrawals. The Corporation had become Mr. Bonati's piggy bank.

3.      Even when he was not directly enriching himself, Bonati's utter lack of care for the Corporation, by his own employment, and his fiduciary duties, cost the Corporation tens of thousands of dollars. For example, by his own admission, Bonati inexplicably instructed Interglobo, one of the Corporation's freight forwarders, to move and dispose of certain containers containing valuable goods belonging to one of the Corporation's customers, to a landfill rather than moving them to a warehouse, thus causing the goods to be lost and causing the Corporation to incur substantial liability vis-à-vis its customer. Despite Mr. Bonati's repeated promises that he would make the Corporation whole, he failed to do so and vanished instead.

4.      When he was confronted about the various breaches of his fiduciary duties, Bonati initially confessed and promised to indemnify the Corporation for the losses. Soon thereafter, however, Bonati did the exact opposite and simply stopped showing up for work and failed to respond to the Corporation's and its New York employees' countless attempts to reach him.

5.      Following Bonati's departure from the Corporation, the Corporation continued to uncover various misconduct, including several e-mail communications from Bonati and Francesco Attanasio ("Attanasio")—a former employee of the Corporation who very coincidentally resigned from the Corporation a few days ago on October 17, 2022—unequivocally showing that Bonati and Attanasio repeatedly redirected Corporation's customers to Avrio Worldwide , Inc. d/b/a

Avrio Logistics ("Avrio"), a direct competitor of the Corporation, from as early as September 13, 2022.

6.        As his last hoorah, Bonati—following his termination and after he was removed from the Corporation's payroll—illegally accessed the Corporation's payroll through the credentials still in his possession to pay himself one last time. When the payment processor attempted to remedy the breach and reverse the electronic paycheck, it was already too late as the funds were no longer in Bonati's personal bank account.

7.        Dynamic Freight is left with no choice but to seek this Court's intervention and hold Bonati liable for his systematic campaign of misusing his position at the Corporation for his personal benefit at Corporation's expense, and to seek damages from Bonati.

## PARTIES

8.        Plaintiff Dynamic Freight is a New York Corporation with a principal place of business in 119 N. Park Avenue, Rockville Centre, New York 11570.

9.        Defendant Bonati is a former employee of Dynamic Freight who resides in Palisades Park, New Jersey.

## JURISDICTION AND VENUE

10.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.       Complete diversity exists for the purposes of 28 U.S.C. § 1332 because Dynamic Freight is a New York corporation with its principal place of business in New York, while Bonati is an individual who is a citizen of New Jersey where he resides with an intent to stay. Therefore, plaintiff and defendant are not citizens of the same state for jurisdictional purposes.

12.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated.

## STATEMENT OF FACTS

### *Bonati's Employment*

13.     On January 8, 2020, the shareholders of Dynamic Freight (including Bonati) unanimously appointed Damiano Masetti, in writing, as the sole director of the Corporation, and elected Bonati as one of the officers with a title of Managing Director (the January 8, 2020, Organization Action of Shareholders of Dynamic Freight USA Inc. is attached hereto as Exhibit A).

14.     Bonati's at-will employment commenced on or about January 6, 2020.

15.     Bonati's duties, included, but were not limited to, "selling Freight Forwarding Services to clients, providing customer service to clients that been acquired, communicating customer needs to agents and assisting in hiring employees to service clients as the need arises", and managing the Corporation's day-to-day activities. For this reason, Bonati had direct access to the Corporation's bank account at Bank of America, a corporate debit card, online banking and payroll through ADP.

### *Bonati's Misappropriation of Corporate Assets*

16.     During the course of his employment, Bonati siphoned company assets by systematically and routinely using the Corporation's bank account as his personal piggy bank.

17.     As a way of example only, Bonati used the corporate funds for the following personal expenses:

    a.   Unjustifiable and unauthorized cash withdrawals exceeding $10,000.00;

b.  Unjustifiable and unauthorized personal medical expenses, including radiology and sleep apnea treatments, in the thousands of dollars;

c.  Unjustified and staggering meals and entertainment expenses, including, without limitation, countless expenses for personal meals that Bonati had with his fiancé;

d.  Countless unauthorized monthly charges for, *inter alia*, gas, supermarkets, restaurants, incurred in Whitehall, Pennsylvania, and Camelback, Pennsylvania, where the Corporation does not have a presence but, upon information and belief, Luciana Bonati, Bonati's sister, lives and operates[1];

e.  Personal vacation to the Caribbean;

f.  Personal car lease charged to the Company's account exceeding $40,000.00; and

g.  Unjustified payments to Bonati's personal credit card.

18.   Moreover, after he was already terminated and was removed from payroll, Bonati illegally accessed payroll services (ADP) to process a payment for himself.

19.   When the payroll processor attempted to reverse the payment, it learned that it was unable to do so as the funds had already been removed by Bonati from Bonati's personal bank account.

### *Bonati's Departure from the Corporation*

20.   At an in-person meeting, held on September 17, 2022, at Fairfield by Marriot, located at 338 West 36th Street, New York, Bonati was confronted by the Corporation's representatives about his wrongdoing and the losses that Bonati caused the Corporation to suffer through his gross negligence and improper conduct. Bonati did not deny the accusations, instead

---

[1] It should be noted that Luciana Bonati was very conveniently hired by her brother Bonati as the Corporation's internal bookkeeper. She was later terminated by the Corporation due to, *inter alia*, trust issues as the Corporation suspected that Luciana Bonati was assisting Bonati in hiding his personal spending.

he admitted defrauding the Corporation and causing the Corporation to suffer substantial losses and promised to indemnify the Corporation for all damage caused and all funds spent on personal matters. To this end, the Corporation drafted a statement to be signed by Bonati reflecting Bonati's promise to make the Corporation whole.

21.     However, the very next week, starting on September 24, 2022, Bonati inexplicably vanished, stopped showing up for work and performing his duties. The Corporation and its employees attempted to reach out to Bonati numerous times, but Bonati failed to return calls and messages choosing to abscond without notice and without any justification.

22.     The Corporation gave Bonati the benefit of the doubt and waited six (6) calendar days, until September 30, 2022, before acknowledging that Bonati had in fact abandoned his position at the Corporation.

23.     As a result of Bonati's abandonment, Bonati's employment ended on September 30, 2022.

24.     The Corporation's acknowledgment of Bonati's abandonment was formally notified to Bonati shortly thereafter by email and express courier (DHL).

25.     Specifically, on October 13, 2022, by way of an Action by Unanimous Written Consent of the Sole Director in Lieu of a Meeting of the Board of Directors, Dynamic Freight acknowledged in relevant part that "Bonati's employment with the Corporation ended on September 30, 2022" and that "Bonati was removed as Managing Director of the Corporation, effective September 30, 2022."

26.     Dynamic Freight also resolved that "Bonati is not authorized to act in the name of or on behalf of the Corporation and must return all property of the Corporation by October 14,

2022." Bonati, although aware of this deadline through his counsel, failed to return the company

property by October 14, 2022 and remains in possession of same as of the time of writing.

27.     Notwithstanding the fact that he vanished and stopped showing up for work on

September 24, 2022, on October 21, 2022, Bonati, through a letter prepared by his counsel but sent

via email directly to the Corporation (which was already by then represented by counsel), had the

audacity to submit what appears to be a letter of resignation that was "effective immediately."

### *Bonati's Usurpation of Corporate Opportunities*

28.     As early as September 6, 2022, before his departure from the Corporation, Bonati

received an email (through Bonati's work email account) from Codognotto ("Codognotto"), a

shipping company having an office in Bangalore, India, and a business contact of the Corporation,

alleging that Kimbal Electronics (India) Pvt Ltd ("Kimbal"), a customer, needed to ship goods

from India to the United States and, as is customary in the industry, requesting a quote from

Dynamic Freight.

29.     On September 7, 2022, Codognotto replied saying that they would pass Dynamic

Freight's quote on to Kimbal and would revert back.

30.     On October 3, 2022, Codognotto confirmed that Kimbal wanted to proceed with

Dynamic Freight.

31.     On October 3, 2022, Attanasio, using his Dynamic Freight work email account,

unfaithfully redirected Kimbal to Avrio and copied Bonati on his email. Bonati, who supervised

Attanasio, did not object.

32.     On September 15, 2022, Bonati received an email to his Dynamic Freight work

email account from Roberto Giovannini S.r.l., an Italian customer, requesting a quote from

Dynamic Freight. Using his Dynamic Freight work email account, Bonati responded on the same

day telling Roberto Giovannini S.r.l. that it would be contacted directly by Dynamic Freight's office in Vicenza, Italy, about the shipment. In his correspondence with Roberto Giovannini S.r.l., Bonati gave himself a title of "CEO" although he was never appointed as such.

33.     On October 4, Roberto Giovannini S.r.l. emailed Bonati back saying that Roberto Giovannini S.r.l. was contacted by "OTE (Milan) 02/66247302", a different shipping company, rather than by Dynamic Freight's office in Vicenza, Italy, about collecting the goods and Roberto Giovannini S.r.l. asked if it was okay to proceed since Roberto Giovannini S.r.l. expected to be contacted by Dynamic Freight office in Vicenza, Italy.

34.     Bonati, who at that time had already vanished, used his Dynamic Freight email account to respond and say that "we confirm that they are _our_ agents." (emphasis added).

35.     OTE—which refers to OTE Spedizioni Internazionali S.r.l.—is in fact not and never was Dynamic Freight's agent. Instead, they are another freight forwarding company and a direct competitor of Dynamic Freight.

36.     On September 27, 2022, Jurop S.p.A. ("Jurop"), a customer, through Corbetta Trasporti S.r.l. (an Italian freight forwarder) ("Corbetta") requested a quote for shipment of goods from Italy to Oklahoma. Both Bonati and Attanasio handled communications to/from Jurop and Corbetta using their Dynamic Freight email accounts and providing a price quote "*without the Dynamic Freight profit*" (emphasis added) thus undercutting Dynamic Freight and diverting the order to Avrio. On September 29, 2022, using his personal ".me" email and copying Attanasio on his Dynamic Freight email account, Bonati instructed "Riccardo", Dynamic Freight's customs clearance agent in the United States, to bill Jurop directly and not to bill Dynamic Freight, to make sure they would not get caught.

37.     On September 29, 2022, Attanasio and Bonati, using their Dynamic Freight email accounts, created a delivery order for CAMAS S.p.A. (an Italian customer which needed to ship goods to the United States) on Avrio's letterhead but improvidently still showing Dynamic Freight's contact information at the bottom of the order from (*emphasis added*). In other words, Bonati and Attanasio clumsily copied and pasted Avrio's logo onto a delivery order but pasted Dynamic Freight USA, Inc.'s signature block., rather than Avrio's, at the bottom of the document. In essence, they diverted Camas S.p.A.'s order from Dynamic Freight to Avrio.

### *Bonati's Gross Negligence*

38.     By Bonati's own admission, Bonati inexplicably instructed Interglobo, a freight forwarder utilized by Dynamic Freight from to time for deliveries in the United States, to dispose of two (2) shipping containers (containing valuable goods shipped by customers of Dynamic Freight to the United States) rather than moving such goods to a warehouse. Upon information and belief, the goods ended up in a landfill.

39.     Bonati initially reassured the Corporation that Interglobo would indemnify the Corporation and repeatedly reassured the Corporation that he was in possession of "checks" from Interglobo. The Corporation even expressed its gratitude towards Interglobo in a thank you email from the Corporation to Interglobo. However, the checks never materialized and, when confronted by the Corporation about the fact that the checks were not being deposited, Bonati eventually admitted that there were no checks but that he would personally indemnify the Corporation for the loss. Bonati then vanished.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Breach of Fiduciary Duties)

40.     Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if they were fully set forth herein.

41.     As an employee and an officer of the Corporation, Bonati owed the Corporation fiduciary duties including duty of care, loyalty, and obedience.

42.     Bonati breached his fiduciary duties of care, loyalty, and obedience, through, *inter alia*, self-dealing, diversion of corporate opportunities, failure to competently perform his duties, and misappropriation and conversion of corporate assets.

43.     The Corporation suffered and continues to suffer damages as a result of Bonati's various breaches of his fiduciary duties.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Faithless Servant)

44.     Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if they were fully set forth herein.

45.     As an employee of the Corporation, Bonati owed the duty of fidelity to his employer and was prohibited from acting in any manner inconsistent with his agency or trust and was at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.

46.     Moreover, Bonati had an affirmative duty to act in a manner consistent with his agency and exercise good faith and loyalty.

47.     Bonati breached his duty of fidelity through gross negligence, misappropriation of assets, embezzlement, usurpation of business opportunities and other behavior detrimental to the Corporation.

48.      Corporation suffered damages as a result of Bonati's misconduct.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

49.     Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if they were fully set forth herein.

50.     Bonati enriched himself at the expense of the Corporation.

51.     It is against equity and good conscience to permit Bonati to retain what is sought to be recovered.

52.     Dynamic Freight suffered and continues to suffer damages as a result of Bonati's unjust enrichment.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Conversion)

53.     Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if they were fully set forth herein.

54.     Bonati converted the Corporation's assets in which the Corporation had possessory rights and interest.

55.     Bonati's dominion over the Corporation's property or interference therewith was in derogation of the Corporation's rights.

56.     Besides the funds that Bonati regularly withdrew from the Corporation's account for his own personal use, Bonati used corporation's funds to pay various personal expenses including car payments, meals, vacation, and other.

57.     Bonati accessed the Corporation's payroll account to issue himself a payment after he was already terminated and removed from payroll. Knowing that the payroll processor would attempt to reverse the transfer of funds, Bonati immediately removed the received funds from his account so that they could not be retrieved by the payroll processor.

58.     Moreover, Bonati never returned valuable company property.

59.     The Corporation was damaged and continues to suffer injury as a result of Bonati's conversion.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff respectfully requests the Court to:

a. Award actual damages to be established at trial;

b. Award Plaintiff compensation paid to Bonati during Bonati's period of disloyalty pursuant to Plaintiff's second cause of action;

c. Award Plaintiff the costs of this action together with reasonable attorneys' fees;

d. Award Plaintiff punitive damages in an amount to be determined at trial to punish Defendant's for their wanton, reckless, and malicious acts described herein, and to protect society against similar acts;

e. Award Plaintiff pre- and post-judgment interest in the statutory amount; and

f. Grant such other and further relief as this Court deems necessary and proper.

Dated:  New York, New York
      October 24, 2022

By:  _____
      Stefan Savic
      Brian L. Grossman
      **Reinhardt Savic Foley LLP**
      200 Liberty Street, 27th Floor
      New York, New York 10281
      Telephone:    (212) 710-0970
      Facsimile:    (212) 710-0971
      ssavic@rsf-llp.com
      bgrossman@rsf-llp.com
      *Attorneys for Plaintiff*